THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID W. QUALLS, *et al.*,

     Plaintiffs,

v.

DONALD RUMSFELD, *et al.*,

     Defendants.

Civil Action _____

MOTION TO PROCEED UNDER FICTITIOUS NAMES FOR SOME PLAINTIFFS AND
TO PROHIBIT DISCLOSURE OF PLAINTIFFS' NAMES AND ADDRESSES TO
DEFENDANTS OR THIRD PARTES

     Plaintiffs, by counsel, hereby move this Court for an order to permit certain Plaintiffs to proceed as Doe plaintiffs in order to protect the well-being of these Plaintiffs and their families.  Plaintiffs further request a waiver of the requirement under the Local Rules to file the current addresses of these Plaintiffs as part of the public record.

     This motion is being filed together with a memorandum of points and authorities, and a Declaration of Attorney Staughton Lynd, setting forth the factual circumstances that occasion this motion.

December 6, 2004             Respectfully submitted,

Jules Lobel
(CCR Cooperating Attorney)
3900 Forbes Avenue
Pittsburgh PA 15260
Phone: (412) 648-1375
Fax:  (412) 648-2649
E-mail: lobel@law.pitt.edu

James R. Klimaski, #243543
Klimaski & Associates P.C.
1819 L Street NW, 7th Floor
Washington DC 20036
Phone:  (202) 296-5600
E-mail: klimaski@klimaskilaw.com

Staughton Lynd
(CCR Cooperating Attorney)
1694 Timbers Court
Niles, OH 44446-3941
Phone: (330) 652-9635
Fax:  (330) 652-0171
E-mail: salynd@aol.com
Ohio Bar Reg. No. 0013512

Jeffrey Fogel
Legal Director
Center for Constitutional Rights (CCR)
666 Broadway — 7th Floor
New York, NY  10012
Phone: (212) 614-6464

Michael S. Sorgen (SBN 43107)
Joshua N. Sondheimer
(SBN 152000)
Law Offices of Michael S. Sorgen
240 Stockton Street, 9th floor
San Francisco CA 94108
Phone:  (415) 956-1360
Fax:  (415) 956-6342
E-mail:  msorgen@sorgen.net

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID W. QUALLS, *et al.*,

     Plaintiffs,

v.

DONALD RUMSFELD, *et al.*,

     Defendants.

Civil Action _____

MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER FICTITIOUS NAMES
FOR SOME PLAINTIFFS AND TO PROHIBIT DISCLOSURE OF PLAINTIFFS'
NAMES AND ADDRESSES TO DEFENDANTS OR THIRD PARTIES

Plaintiffs John Doe 1-7 in the above-captioned matter are soldiers on active duty in Iraq, and in Kuwait en route to Iraq. As set forth in the Declaration filed together with this Memorandum, they seek protection of their identities lest military authorities retaliate against them for taking part in this action.

"Doe status" has frequently been accorded plaintiffs serving in the military. *See, e.g., Doe v. Sullivan,* 938 F.2d 1370 (D.C. Cir. 1991); *Doe v. Bush,* 323 F.3d 133, 134 n.1 (1st Cir. 2003). Indeed, in a variety of circumstances courts have permitted plaintiffs to proceed anonymously and to withhold their names from defendants as well as the general public. *Gomez v. Buckeye Sugars,* 80 F.R.D. 106, 107 (N.D. Ohio 1973) (claim by farm workers against alleged joint employers for violations of the Fair Labor Standards Act); *Moe v. Dinkins,* 533 F.Supp. 623, 627 (S.D.N.Y. 1981) (action by minors challenging state law requiring

-1-

the consent of their parent for them to marry); *Does v. Covington,* 884 F.Supp. 462, 465 (M.D. Ala. 1995) (action by students alleging sexual abuse by a public school teacher).

In *Doe v. Rostker,* 89 F.R.D. 160, 162 (N.D.Cal. 1981), the court outlined criteria for determining whether plaintiffs could proceed under fictitious names. The court noted that while no express standard existed, there was "a common thread running through cases in which 'Doe' status [is] allowed." The court held that

> [a] plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as (1) social stigmatization, (2) real danger or physical harm, or (3) where the injury litigated against would occur as a result of the plaintiff's identity.

Plaintiffs submit that the accompanying Declaration demonstrates that these Does qualify under the above-stated criteria.

Should the Court desire, the names of John Does 1-7 can be provided to the Court *in camera* or under seal.

December 6, 2004                            Respectfully submitted,

Jules Lobel
(CCR Cooperating Attorney)          James R. Klimaski, #243543
3900 Forbes Avenue                  Klimaski & Associates P.C.
Pittsburgh PA 15260                 1819 L Street NW, 7th Floor
Phone: (412) 648-1375               Washington DC 20036
Fax:   (412) 648-2649               Phone: (202) 296-5600
E-mail: lobel@law.pitt.edu          E-mail: klimaski@klimaskilaw.com

Staughton Lynd
(CCR Cooperating Attorney)
1694 Timbers Court
Niles, OH 44446-3941
Phone: (330) 652-9635
Fax:  (330) 652-0171
E-mail: salynd@aol.com
Ohio Bar Reg. No. 0013512

Jeffrey Fogel
Legal Director
Center for Constitutional Rights (CCR)
666 Broadway — 7th Floor
New York, NY  10012
Phone: (212) 614-6464

Michael S. Sorgen (SBN 43107)
Joshua N. Sondheimer
(SBN 152000)
Law Offices of Michael S. Sorgen
240 Stockton Street, 9th floor
San Francisco CA 94108
Phone:  (415) 956-1360
Fax:  (415) 956-6342
E-mail:  msorgen@sorgen.net

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID W. QUALLS, *et al.*,

     Plaintiffs,

v.

DONALD RUMSFELD, *et al.*,

     Defendants.

Civil Action _____

## DECLARATION OF ATTORNEY STAUGHTON LYND

I, Staughton Lynd, declare under penalty of perjury:

1. I am an attorney in good standing in the State of Ohio and have practiced law there for more than 27 years. I have been admitted to practice in the United States District Court for the Northern District of Ohio, the United States Courts of Appeals for the Third and Sixth Circuits, and the Supreme Court of the United States.

I have applied for admission to the United States District Court for the District of Columbia *pro hac vice* in the above-captioned matter.

2. In the preparation of this litigation, I am the attorney who has had most contact with potential plaintiffs, who has collected their relevant documents, and who has verified with each of them the allegations of fact drafted on their behalf.

-1-

3.  Every one of the plaintiffs or a near relative speaking on their behalf has expressed a concern that there might be retaliation against the plaintiff for taking part in this law suit.  In some cases the fear expressed has encompassed an anticipation that the plaintiff, were his identity known, might be given physically more dangerous assignments.

4.  The following are quotations from plaintiffs' written correspondence with me:

> I am interested in this lawsuit but am concerned if my name is used.  Things will get very difficult for me if my name is used. . . .  Will my name be kept confidential?

> Who will have access to the complaint?  Will the media? If this info [a first draft of factual allegations] is published everyone will know it is me.

> John Doe would be great, that would keep me out of the way of retaliation from the members of my chain of command.

> I do not in any way want my husband's identity known.

> Do not mention [certain facts alleged in the draft complaint].  They will know my name.

5.  Declarant is not in Iraq and has no means of verifying the apprehensions expressed by Doe plaintiffs.  Declarant is an historian as well as an attorney, and has co-edited three volumes of oral history in which informants in situations that caused them to feel vulnerable sometimes requested that they be identified by pseudonyms.

6.  It is Declarant's best judgment that the request of Does 1-7 for anonymity springs from a well-founded and reasonable

concern to protect themselves from retaliation and physical

danger.

December 6, 2004                    Respectfully submitted,

_____

Attorney Staughton Lynd
1694 Timbers Court
Niles OH 44446
Ohio Bar No. 0013512
Phone:  (330) 652-9635
E-mail:  salynd@aol.com